IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARQUIS MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-129-GMS |
| | ) |
| EDUCATION DEPARTMENT, JILL | ) |
| WALTERS, MEDICAL COMMITTEE, | ) |
| and CPT. BERGGRUN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Marquis Mason ("Mason"), an inmate at the Howard R. Young Correctional Institution, ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Mason sets forth a litany of complaints.[1] He alleges that the conditions at HRYCI are unsanitary and unsafe, juveniles are housed with adults, he is housed with a sex offender and child offender which endangers his welfare. He alleges that he was sent to "the hole" for disciplinary reasons, the time has expired, but he is denied general population housing. He is only allowed out of his cell once every forty-eight to sixty-three hours for exercise. He is being denied education or schooling, medical care, he has inadequate access to the library, and that the

---

[1] Mason submitted two different versions of his complaint. The court reviewed both versions in screening the case.

mail system is inadequate.

According to Mason, the foregoing acts took place under the authority of defendant Jill Walters ("Walters"). Finally, he alleges that all of these events demonstrate intentional retaliation against him by the defendants Walters, Cpt. Berggrun ("Berggrun"), the Education Committee, and the Medical Committee.[2]

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.,* No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley,* 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus,* –U.S.–, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,*

---

[2]Cpt. Berggrun was inadvertently omitted as a defendant in the court's docket.

–U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Mason is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Mason proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

### A. Deficient Pleading

Initially, the court notes that the complaint contains a blanket assertion of entitlement to

relief. Moreover, the complaint is deficiently pled. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). While the complaint contains general allegations, it does not provide sufficient facts to apprise the defendants of their alleged actions. For this reason alone, the court will dismiss the complaint.

Accordingly, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Mason, however, will be given leave to amend his complaint as to the conditions of confinement claim[3], the medical needs claim[4], and the denial, delay and misplacement of mail claim[5]. As will be

---

[3]A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)

[4]The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-

discussed, all other claims are dismissed with prejudice.

### B. Housing/Classification

Mason complains that even though he has served his disciplinary time in "the hole" he has not been returned to general population. Inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

Moreover, neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. *See* Del. Code Ann. tit. 11, § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). It has thus been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976).

---

05.

[5] "In the First Amendment context, . . . a prison inmate retains those First Amendment rights [of freedom of speech and association] that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *Pell v. Procunier,* 417 U.S. 817, 822 (1974) (evaluating constitutionality of limiting one channel of communication with those outside of prison through review of adequacy of alternative channels of communication). *See also Thornburgh v. Abbott*, 490 U.S. 401 (1989) (evaluating regulations governing receipt of subscription publications by federal prison inmates).

The court concludes that Mason's continued placement in disciplinary segregation does not violate his due process rights, and as a result, cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution." Mason cannot state a claim a claim for violation of a liberty interest created by the Due Process Clause or State law. His due process claim has no arguable basis in law or in fact, and therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Education

Mason contends he is being denied education and schooling. Unfortunately for Mason, prisoners have no constitutional right to an education. *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Risso v. Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982); *Longendorfer v. Roth*, No. 92-2180, 1992 WL 95919, at *1 (E.D. Pa. Apr. 23, 1992). Therefore, the court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Law Library

Mason alleges he is receiving inadequate time in the library. The court presumes he complains about law library time, even though he refers, generally, to the library and not the law library.

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*,

518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher,* 536 U.S. at 415.

Mason alleges that he does not receive adequate library time, but gives no specifics. Moreover, he does not allege an injury, as is required for denial of access to the courts. Accordingly, the court will dismiss the claim as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### E. Retaliation

Mason alleges that all his allegations demonstrate retaliation against him by Walters and Berggrun. Proof of a retaliation claim requires that Mason demonstrate (1) constitutionally protected conduct; (2) an adverse action by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,'" and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against." *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003) (citations omitted).

Even applying the retaliation standard and construing the complaint liberally, Mason has failed to state a claim of retaliation. Therefore, the court will dismiss the retaliation claim against Walters and Berggrun pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### F. Respondeat Superior

Mason alleges that the acts, as alleged, took place under Walters' authority. It appears that she is named as a defendant based upon her supervisory position. Liability in a § 1983 action cannot be predicated solely on the operation of respondeat superior. *Rode v.*

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted). A plaintiff may set forth a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." *Id.* He must identify specific acts or omissions of the supervisor that evidence deliberate indifference and establish a link between the act or omission and the ultimate injury. *Id.*

     In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). There is nothing in the complaint to indicate that Walters was the "driving force [behind]" Mason's alleged constitutional violation. Moreover, the complaint does not indicate that Wallace was aware of Mason's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Accordingly, the claim against Walters is dismissed inasmuch as it has no arguable basis in law or in fact pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### G. Persons

Mason names as defendants the Education Department and the Medical Committee. To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986). The claims against the Education Department and the Medical Committee are barred by *Will v. Michigan Department of State Police*, 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

Additionally, the Education Department and the Medical Committee are immune from suit. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted). Hence, as an agency of the State of Delaware, the HYRCI, including its Education Department and Medical Committee, is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

The Education Department and the Medical Committee are not persons within the meaning of § 1983, and also they are immune from suit. As a result, the claims against them lack

an arguable basis in law or in fact and they are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Mason will be given leave to amend the complaint only as to the medical needs claim, the conditions of confinement claim, and the mail claim. An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

May 28, 2008
Wilmington, Delaware

FILED
MAY 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARQUIS MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-129-GMS |
| | ) |
| EDUCATION DEPARTMENT, JILL | ) |
| WALTERS, MEDICAL COMMITTEE, | ) |
| and CPT. BERGGRUN, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 28 day of May, 2008, for the reasons set forth in the Memorandum issued this date

1. The complaint is **dismissed** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Mason is given leave to amend the complaint only as to the medical needs claim, the conditions of confinement claim, and the delay or denial of mail claim. The amended complaint shall be filed within **thirty days** from the date of this order. Mason is placed on notice that the copies of the amended complaint submitted to the court **must be identical**. If an amended complaint is not filed within the time allowed, then the case will be closed.

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

MAY 28 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE